FILED
SUPERIOR COURT
OF GUAM

2022 SEP 13 PM 4: 43

CLERK OF COURT

BY:_____

IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| TRINIDAD BAGUE LATOJA, | CIVIL CASE NO. DM0147-20 |
| Plaintiff, | |
| vs. | DECISION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S PETITION FOR DEFAULT JUDGMENT |
| MA LUZ ABOGA LATOJA, | |
| Defendant. | |

## I. INTRODUCTION

This matter came before the Honorable Judge Maria T. Cenzon on June 16, 2022 for a hearing on Plaintiff Trinidad Bague Latoja's (the "Plaintiff") Petition for Default Judgment of Divorce (the "Petition"). The Plaintiff was represented by his counsel, Catherine Bejerana Camacho. Defendant Ma. Luz Aboga Latoja (the "Defendant") did not appear, nor did any attorney enter an appearance on her behalf. Following the hearing, the Court took the matter under advisement pursuant to Supreme Court of Guam Administrative Rule 06-001 and CVR 7.1(e)(6)(A) of the Local Rules of the Superior Court of Guam. Having duly considered Plaintiff's written brief, the arguments presented at the Default Hearing, and the applicable statutes and case law, the Court now issues the following Decision and Order **GRANTING** Plaintiff a divorce from Defendant, but **DENYING** Plaintiff's Petition as to any adjudication of property.

## II.    BACKGROUND

Plaintiff and Defendant married on February 26, 1996 in Manila, Philippines. Compl. For Divorce, ¶ 4 (May 22, 2020). After more than nineteen (19) years together, the couple separated on or about July 2015. *Id.* Citing irreconcilable differences, the Plaintiff then came before this Court praying for a divorce from the Defendant. *Id.* at 2. The Defendant was summoned on the same day the Complaint was filed. *See* Summons (May 22, 2020). The Defendant was not found. *See* Decl. of Non-Service (Oct. 29, 2020). A notice of a remote hearing was then sent to the last known address of the Defendant in the Philippines, as provided by the Plaintiff in his Complaint. *See* Decl. of Mailing (Dec. 31, 2020). On January 11, 2021, this Court held a Scheduling Conference pursuant to CVR 16.1; however, Defendant was not present. Counsel for the Plaintiff requested a continuance in order to serve the Defendant pursuant to the requirements of the ague Convention on the Service Abroad of Judicial Extrajudicial Documents in Civil or Commercial Matters. A continued Scheduling Conference was held on April 14, 2021, during which compliance with the Hague Convention was impossible due to the closure of the Philippine Supreme Court being closed due to the pandemic.

After months of inactivity, on July 13, 2021, this Court requested a status report in lieu of a status hearing. *See* Order to file Status Report (July 13, 2021). Plaintiff filed his report on July 16, 2021, attaching exhibits which demonstrated that, pursuant to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, the necessary documents were provided to the Philippine Central Authority but had yet to be serviced due to COVID-19 and other backlogs. *See* Status Report (July 16, 2021). The Philippine Central Authority eventually returned the documents after it was unable to serve the Defendant. *See* Decl. of Counsel (Dec. 9, 2021).

The Plaintiff declared that he had notified his wife that he was filing for a divorce but that she refused to cooperate in his efforts. Decl. of Trinidad Bague Latoja, ¶ 4 (Jan 19, 2022). The Plaintiff also declared that his son personally delivered the divorce documents to his wife in the Philippines. *Id*. at ¶ 10. A signed document from a Yolanda C. O'Campo, a "Barangay Tanod", or law enforcement officer, in the Philippines, was attached as an exhibit where she attested to witnessing the documents being given to the wife. *See Id*. at Ex. B. Afterwards, the Plaintiff filed a motion to complete service by publication and mailing and the Court granted it. *See* Order (Jan. 26, 2022). On or about February 7, 2022, a FedEx envelope containing a copy of the filed Summons and Complaint for Divorce was delivered and signed for by the Defendant. Decl. of Counsel at Ex. B (June 20, 2022).

## II.  DISCUSSION

### 1.  The Court's jurisdiction over the Defendant is limited to dissolving marital status.

In divorce proceedings, the plaintiff has the burden of establishing the Court's jurisdiction over the defendant. *Banes v. Superior Court of Guam*, 2012 Guam 11 ¶ 26. If the Court does not have jurisdiction over the Defendant, it can still issue a divorce judgment but it cannot adjudicate the division of property. *Id*. at ¶ 23 ("A court must have personal jurisdiction over both spouses in order to adjudicate property division."); *Id*. at ¶ 24 ("Indeed a court may have jurisdiction to issue a divorce judgment absent any showing of personal jurisdiction over the defendant."); *See also Speicher v. Speicher*, 2013 Guam 11¶ 19-20 ("If the statutory requirements for granting dissolution of the marriage are satisfied, the trial court does not have discretion on whether or not to grant the dissolution of the marital relationship given that the trial court had jurisdiction over [the plaintiff].").

The Plaintiff has failed to meet his burden of establishing this Court's jurisdiction over the Defendant for the purposes of adjudicating the property of the marriage. Nothing in the record demonstrates nor gives the slightest hint of any contacts between the Defendant and Guam, much less of any contacts that are so substantial, continuous and systematic so as to latch general jurisdiction on the Defendant. *Banes,* 2012 Guam 11 ¶ 35. Nor have any acts or transactions been alleged to demonstrate the Defendant purposefully availed herself of the forum enough to attach specific jurisdiction. *Id.* at ¶ 37 (citing to *PCI Commc'ns, Inc. v. GST PacWest Telecom Haw., Inc.,* 1999 Guam 17 ¶ 15). Nevertheless, the Court may exercise general jurisdiction over the Plaintiff since he has been residing in Guam since April 2016. Compl. For Divorce, ¶ 3. Thus, if service is sufficient, the Court can dissolve the marital status of the parties, but does not have jurisdiction to adjudicate child support or division of the martial property.

**2. Proof of Service has been made satisfactory to the Court and pursuant to the Hague Convention.**

Because the Defendant resides in the Philippines, Guam Rules of Civil Procedure (GRCP) Rule 4(f) governs:

> Unless otherwise provided by federal or Guam law, service upon an individual from whom a waiver has not been obtained and filed, other than an infant or an incompetent person, may be effected in a place not within Guam or any other jurisdiction of the United States, its territories, commonwealths, or possessions:
> (1) by any internationally agreed means reasonably calculated to give notice, such as those means authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents; or
> (2) if there is no internationally agreed means of service or the applicable international agreement allows other means of service, provided that service is reasonably calculated to give notice . . . .

GRCP 4(f)(1)-(2). Given that GRCP is based on Rule 4 of the Federal Rules of Civil Procedure, case law interpreting that rule is considered persuasive. *People v. Camacho,* 2015 Guam 37 ¶ 25

("We make look to the persuasive authority of case law interpreting similar statutes for guidance."); *Amerault v. Intelcom Support Servs., Inc.*, 2004 Guam 23 ¶16 ("Guam courts have considered courts of other states interpreting statutes similar to the law of Guam to be persuasive authority."). A federal district court elucidated the rule's requirements:

> [W]hen a party seeks to serve process on an individual residing in a foreign country, the Court must follow this two (2) prong test: first it must ascertain whether the foreign country in which the party to be served is residing has entered into any international agreement with the United States, such as the Hauge Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters of November 15, 1965, which is specifically mentioned by Rule 4(f)(1). If there is no applicable internationally agreement which might provide a reasonable means of service, then the party serving process must do so using one of the several methods provided by subsection (f)(2).

*Elisan Ent., Inc. v. Suazo*, 206 F.R.D 335, 336 (D. P.R. 2002).

The Philippines is a contracting party to the Hague Convention on the Service Abroad of Judicial Extrajudicial Documents in Civil or Commercial Matters (the "Convention").[1] Thus for service to be effective here, service must have been effective pursuant to the Hague Convention. *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 699 (1988) ("[C]ompliance with the Convention is mandatory in all cases to which it applies.").

Article Two of the Convention states that each signatory must establish a Central Authority that would receive requests for service of process and then execute service. The Philippines did so and the Plaintiff attempted to serve the Defendant accordingly to no avail. *See* Decl. of Counsel (Dec. 9, 2021). Article 10 of the Convention further states that:

> Provided the State of destination does not object, the present Convention shall not interfere with -

---

[1] *See* https://www.hcch.net/en/states/hcch-members/details1/?sid=121.(last visited September 8, 2022).

*a)* **the freedom to send judicial documents, by postal channels, directly to persons abroad,**
*b)* the freedom of judicial officers, officials or other competent persons of the State of origin to effect service of judicial documents directly through the judicial officers, officials or other competent persons of the State of destination,
*c)* the freedom of any person interested in a judicial proceeding to effect service of judicial documents directly through the judicial officers, officials or other competent persons of the State of destination.

https://www.hcch.net/en/instruments/conventions/full-text/?cid=17 (emphasis added) (last visited September 8, 2022).

When interpreting this Article, the Ninth Circuit has ruled that "so long as the receiving country does not object," Article 10 of the convention allows service of process by international mail. *Brockmeyer v. May*, 383 F. 3d 798, 803 (9th Cir. 2004). The Philippines have objected to or extended parts of the Convention, but not to service by international mail.[2] When a federal district court was pressed on whether a signed receipt for received international mail was sufficient to satisfy the Hague Convention, the court ruled it did. *See Ackourey v. Noblehouse Custom Tailors,* WL 6061365 (E. D. Pa. Nov. 15, 2013). In doing so, the court pointed out that "[t]he Convention does not spell out how to prove service when it is effectuated through postal channels under Article 10(a). However, Federal Rule of Civil Procedure 4(l)(2)(B) provides that, if the Convention allows but does not specify other means of service, proof of service may be made 'by a receipt signed by the addressee, or by other evidence satisfying the court . . . .' " *Id. at *4* (quoting Fed. Rs. Civ. P. 4(l)(2)(B), 4(f)(2)).

GRCP 4(l) equivalently states that if service is not waived, proof of service shall be made satisfactory to the Court. Here, the Plaintiff has submitted documentation that the

---

[2] *See* https://www.hcch.net/en/instruments/conventions/status-table/notifications/?csid=1435&disp=resdn.(last visited September 8, 2022).

Defendant signed for copies of the Summons and the Complaint sent via international mail, which satisfies this Court that service was completed pursuant to the Hague Convention and the Guam Rules of Civil Procedure.

Given the Court's jurisdiction over the Plaintiff, that service was effective, that Plaintiff has failed to appear or oppose the divorce, and the strong public policy towards "legally terminat[ing] a relationship which has already been irrevocably severed in fact," *Hull v. Superior Court,* 352 P.2d 161, 163 (Cal. 1960), the Court deems it appropriate to grant the dissolution of marriage here.

### III.   CONCLUSION

Plaintiff's Petition is **GRANTED** to the extent it requests a dissolution of marriage but nothing more. For the reasons set forth herein, the Court shall not adjudicate matters other than the marital status of the parties. An Interlocutory Judgment of divorce and a Final Decree of divorce will follow separately.

SO ORDERED this _____ SEP 1 3 2022 _____.

HONORABLE MARIA T. CENZON
Judge, Superior Court of Guam